A. W. MIXON ET AL. v. H. G. SYMONDS ET AL.

No. 121.

**Conveyance in Fraud of Creditors — Knowledge of Fraudulent Intent.**—A conveyance of property by an insolvent debtor to secure one of his creditors, made also with intent to delay and defraud his other creditors, is not valid if the secured creditor participates in the debtor's fraudulent intent, although the claim secured is a bona fide debt.

APPEAL from Grayson. Tried below before Hon. P. B. MUSE.

*Head & Dillard, I. M. Stanifer,* and *A. G. Moseley,* for appellants.

The court erred in its charges making the validity of the chattel mortgage dependent solely upon whether or not the debt secured by it was a bona fide debt. Haas v. Kraus, 75 Texas, 106; Jackson v. Harby, 65 Texas, 710.

*C. B. Randell* and *G. G. Wright,* for appellees.—The whole case was submitted on the question of the validity of the preferred claim, and the court properly charged upon it. Gallagher v. Goldfrank, 75 Texas, 562; Lewis v. Fischl, 65 Texas, 312; Ellis v. Valentine, 65 Texas, 533.

STEPHENS, ASSOCIATE JUSTICE.—Emmott Brothers, doing business at Denison, Texas, made a chattel mortgage upon their entire stock in trade to their friend, H. G. Symonds, to secure certain promissory notes held by their sister and bookkeeper, E. Louise Emmott, against them, and an attorney fee charged for the preparation of the instrument. The goods were seized under attachment process and appropriated by Waples, Platter & Co. to the payment of a debt due them from said firm. From a judgment against them and the officer who levied the writ, as well as against certain sureties, for the value of the goods, this appeal is prosecuted.

Appellants made the issue, that the mortgage had been executed with intent to hinder, delay, and defraud the creditors of Emmott Brothers, disputing the validity and amount of the debts secured. In submitting this issue to the jury, the following, among other charges of which appellants complain, were given:

"Fourth. The chattel mortgage read in evidence gave to the plaintiff the right to the control and possession of the property therein mentioned

for the purposes set forth in such mortgage, unless you find and believe from the evidence that the debts mentioned in said mortgage, and to secure the payment of which the same was executed, were, either in whole or in part, simulated, false, and fictitious.

"Fifth. A debtor in failing circumstances has the right to transfer his property to a creditor to whom such debtor owes a real, actual, valid, and subsisting debt; and such transfer will not be regarded as fraudulent, even though the creditor knew that the debtor had made the same with the intent to defraud his creditors; in other words, a debtor may convey to his creditor or to some one in trust for such creditor, even though the debtor be insolvent, property sufficient to pay off the debt of such creditor, although the creditor knows that the same is done with a fraudulent intent on the part of the debtor, and although by such transfer other creditors are not protected, provided that the creditor for whose benefit the transfer is made holds against the debtor a real, genuine indebtedness."

That these charges were erroneous and will require a reversal of the judgment, is made apparent by the following proposition of appellants, which we believe to be sound, to-wit: "When the pleading and the evidence fairly raise the issue as to whether a conveyance of personal property, made by an insolvent creditor in trust to secure a debt, is made for the purpose of hindering, delaying, and defrauding creditors, and the evidence tends to show participation in the fraud on the part of the secured creditor, any charge which makes the validity of the instrument depend solely upon whether or not the claim secured is a bona fide debt is error."

If the doctrine announced in the charge be the law, then may a failing debtor who has embarked in business on the borrowed capital of a relative, as seems to be claimed in this case, be enabled to steer clear of the ordinary perils of business by making a conveyance of his stock in trade to a friend to secure the debt of the relative, and at the same time to fraudulently hinder and delay other creditors till their debts can be compromised, or the business enterprise be renewed in some other name. While it may be both kind and natural for a sister to aid a brother in this way, it is not believed to be the law.

But for the fact that the appellants in the manner of pleading seem to have assumed the burden of proof on the issue as to the validity of the alleged debts, the second paragraph of the charge might require a reversal of the judgment. Tillman v. Heller, 78 Texas, 597.

On account of the error announced in the fourth and fifth charges and applied in subsequent portions of the charge, the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered March 16, 1893.

Justice HEAD did not sit in this case.